LILLIAN A. HALL, Respondent, *v.* ROYAL INSURANCE COMPANY, LIMITED, Appellant.

Supreme Court, Appellate Term, First Department, April 29, 1924.

Insurance — tourist's floater insurance policy against theft of articles from automobile — exemption of insurer from liability for loss of robes or coats while automobile not in custody of common carrier applies to all robes or coats — insurer not liable under policy for theft of fur coat.

A clause in a tourist's floater insurance policy against loss by theft of articles from an automobile exempting the insurance company from loss of robes or coats while the automobile is not in the custody of a common carrier applies to any robes or coats, and, there ore, the company is not liable for the loss of a fur coat by theft while the automobile was standing in a city street.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff and against defendant, for $675 damages, with costs, entered on a verdict; also from an order denying a motion for a new trial; from an order denying a motion for a commission and from an order denying a motion to adjourn the trial.

*Frederick T. Case,* for the appellant.

*Gerald Donovan,* for the respondent.

GUY, J.   Action upon a policy of tourist's floater insurance for the loss of a fur coat by theft, pilferage or larceny, at Miami, Fla.

Answer; denial; that the policy did not cover theft, pilferage or larceny while in or on an automobile; negligence of plaintiff, and fraudulent claim.

Defendant insured plaintiff under a tourist's floater policy upon her personal effects to an amount not exceeding $2,500, under a policy which states:

" This Policy does not insure:

" (4) Against loss by theft, pilferage or larceny of robes, coats, hats, caps, gloves, leggins, boots, goggles, chauffeur's livery or automobile accessories, while in or on an automobile, or while in any garage or in any other building used for the housing of automobiles, except while in the custody of a common carrier under check or receipt."

The verdict establishes that the fur coat was stolen from the locked compartment at the back of plaintiff's automobile while the automobile was standing in the street at Miami, Fla., without any neglect or fault on plaintiff's part; also that plaintiff's proof of claim was just and fair.

The provision exempting the insurance company from losses of robes or coats by theft while in or on an automobile applies to any robes or coats stolen while in an automobile that is not at the time of the theft in the custody of a common carrier.   It does not, as the trial judge assumed, apply only to automobile robes or coats. The motion to dismiss the complaint should have been granted.

Judgment reversed, with thirty dollars costs, and complaint dismissed, with costs, and appeals from orders dismissed.

WAGNER and WASSERVOGEL, JJ., concur.

Judgment reversed.